UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PIERRE YVES DESGAZONS,<br>    Petitioner,<br><br>    v.<br><br>MICHAEL NESSINGER, Donald W.<br>Wyatt Detention Facility; PATRICIA<br>HYDE, Field Office Director;<br>MICHAEL KROL, HSI New England<br>Special Agent in Charge; TODD<br>LYONS, Acting Director U.S.<br>Immigrations and Customs<br>Enforcement; and KRISTI NOEM, U.S.<br>Secretary of Homeland Security,<br>    Respondents. | C.A. No. 25-cv-459-MRD-PAS |

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Pierre Yves Desgazons petitions the Court under 28 U.S.C. § 2241 for a Writ of Habeas Corpus to order Respondents to either release him immediately from custody or provide him with an individualized bond hearing. ECF Nos. 1, 7. Mr. Desgazons is a Haitian national who entered the U.S. in August 2023 with inspection as an approved parolee of the Haitian Humanitarian Parole Program. *Id.* at 1; ECF Nos. 6 at 4. The Department of Homeland Security terminated this parole program in June 2025. ECF No. 6 at 4. For the past two years, Mr. Desgazons has been working in construction and carpentry in Massachusetts. ECF No. 7 at 3. He has no criminal history and had no contact with law enforcement or DHS until September 11, 2025, when Immigration and Customs Enforcement agents detained him. *Id.*;

ECF No. 1 at 3.  He has been held at the Wyatt Detention Facility in Central Falls, Rhode Island, ever since.  ECF No. 1 at 3; ECF No. 6 at 5; ECF No. 7 at 3.

DHS has presented Mr. Desgazons with a notice to appear, charging him as an arriving undocumented immigrant without a valid entry document, removable from the U.S. pursuant to 8 U.S.C. § 1182(a)(7)(A)(i)(I).  ECF No. 6 at 4-5; ECF No. 7-1 at 49.  On September 25, 2025, Mr. Desgazons appeared in immigration court for a bond hearing and initial removal hearing; the presiding immigration judge deemed Mr. Desgazons categorically ineligible for bond.[1]  ECF No. 6 at 5; ECF No. 7 at 3.  Mr. Desgazons subsequently filed an application for asylum and has a hearing on the merits of this application scheduled for November 28, 2025.  ECF No. 7 at 4.

Before this Court, Mr. Desgazons asserts that he is entitled to be considered for bond pending his removal proceedings.  The Respondents insist he is not eligible for bond because 8 U.S.C. § 1182(d)(5)(A) effectively places him squarely within the class of immigrants who must be detained pending removal proceedings.  The parties' arguments present a difficult question of statutory interpretation; namely, the interplay between § 1182(d)(5)(A), mandatory detention pursuant to 8 U.S.C. § 1225, and discretionary detention pursuant to 8 U.S.C. § 1226.  Mr. Desgazons' precise "admission" status in the U.S. at this time is unclear as a matter of law given that he entered the U.S. with permission two years ago but as a result of a DHS policy

---

[1] The Court notes that Petitioner has appealed this decision to the Board of Immigration Appeals.  ECF No. 7-1 at 14-16.

decision in June of this year is now present without documentation. *See* §§ 1182(d)(5)(A), 1226.

The Court notes with appreciation that many district courts have recently engaged in a detailed statutory analysis of § 1225 to determine whether petitioners in other circumstances of initial entry and journeys to their present detention statuses entitled them to individualized bond hearings pursuant to § 1226. *See, e.g., Martinez v. Hyde*, CA No. 25-11613-BEM, 2025 WL 2084238 (D. Mass July 24, 2025); *Lopez Benitez v. Francis*, 25 Civ. 5937 (DEH), 2025 WL 2371588 (S.D.N.Y. Aug. 13, 2025). However, rather than engage in a similar deep dive and analysis of these statutes, the Court finds that DHS' stated basis of authority in the Warrant for Arrest the Respondents used to detain Mr. Desgazons in September is dispositive of the pending petition. *See* ECF No. 7-1 at 52. The warrant is directed to "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act [INA] and part 287 of title 8, Code of Federal Regulations, to serve warrants of arrest for immigration violations." *Id.* Section 236 of the INA is codified in 8 U.S.C. § 1226, which clearly provides that an immigration judge may consider releasing a detainee during the pendency of removal proceedings.[2] Therefore, pursuant to the explicit authority on which the Respondents relied to arrest and detain Mr. Desgazons on September 11, he is currently detained pursuant to § 1226 and is therefore entitled to a bond hearing in which the immigration judge

---

[2] Section 287 of the INA (codified at 8 U.S.C. § 1357) and 8 C.F.R. § 287 govern the powers of immigration officers and employees.

3

will consider the standard articulated in *Hernandez-Lara v. Lyons*, 10 F.4th 19, 40 (1st Cir. 2021), to determine whether Mr. Desgazons will be released pending his asylum application.

For the reasons stated above, the Petition for Writ of Habeas is GRANTED. The Respondents are hereby ORDERED to provide Mr. Desgazons with a bond hearing under 8 U.S.C. § 1226(a) within 10 days of this Order. The parties shall provide a status report to this Court within 24 hours of the conclusion of that hearing, stating whether Mr. Desgazons' request for bond was granted or denied and, if denied, the reasons for the denial.

IT IS SO ORDERED.

_____
Melissa R. DuBose
United States District Judge

10/22/2025